UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACINDA BROWN,

                Plaintiff,

-against-

RENSSELAER COUNTY JAIL,

                Defendant.

22-CV-10394 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently a resident of Brooklyn, New York, brings this *pro se* action under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 1981, and the New York State Human Rights Law, alleging that Defendant discriminated against her on the basis of her race, color, sex, and national origin with regards to her employment in Rensselaer County, New York. Named as Defendant is the Rensselaer County Jail. By order dated December 9, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP). For the following reasons, this action is transferred to the United States District Court for the Northern District of New York.

## DISCUSSION

Under the applicable venue provision for claims under Title VII, such claims may be brought in:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Claims brought under 42 U.S.C. § 1981 and state law are governed, however, by the general venue provision in 28 U.S.C. § 1391(b). Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under that provision, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

With respect to Plaintiff's claims under Title VII, because Plaintiff alleges that she worked at Rensselaer County Jail, in Rensselaer County, New York, this court, and every other federal district court within the State of New York, are proper venues for those claims. *See* § 2000e-5(f)(3).

As to Plaintiff's claims under Section 1981 and state law, however, because Plaintiff alleges that Defendant resides outside of this District and that a substantial part of the events giving rise to her claims occurred outside of this District, it is clear from the face of the complaint that this court is not a proper venue for those claims under Section 1391(b)(1) or (b)(2).[1] As the events giving rise to Plaintiff's claims occurred in Rensselaer County and Defendant resides in Rensselaer County, which is in the Northern District of New York, *see* 28

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan), (2) Bronx (New York City Borough of the Bronx), (3) Westchester, (4) Dutchess, (5) Rockland, (6) Orange, (7) Putnam, and (8) Sullivan. 28 U.S.C. § 112(b).

U.S.C. § 112(a), under Section 1391(b)(1) and (b)(2), the United States District Court for the Northern District is a proper venue for those claims.

Even if venue is proper here for one of Plaintiff's claims, the Court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Rensselaer County, Defendant resides in Rensselaer County, and it is likely that relevant documents and witnesses are located there. Moreover, because Plaintiff does not reside in this District[2] and the operative events did not occur here, Plaintiff's choice of forum is accorded less deference. *See Iragorri*, 274 F.3d at 72. The Northern District of New York appears

---

[2] Plaintiff resides in Brooklyn, Kings County, New York, which is within the Eastern District of New York. *See* 28 U.S.C. § 112(c).

to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. A summons shall not issue from this court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  December 15, 2022
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge